IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEBORAH B. ADAMS,                              :

     Plaintiff                                :

v.                                             :        Case No.: 3:11cv141

KROGER LIMITED PARTNERSHIP I                   :

and                                            :

REPUBLIC NATIONAL DISTRIBUTING                 :
COMPANY, LLC
                                               :
     Defendants
_____ :

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS

<u>General Instructions</u>

1)     2.020 - Credibility of Witnesses

2)     2.030 - Adverse Witness

3)     2.040 - Expert Witnesses

4)     2.060 - Party Bound by His Own Testimony

5)     2.170 - Rejected and Stricken Evidence

6)     2.220 - Verdict Not To Be Based Upon Sympathy, Bias  Guesswork or Speculation

<u>Issues, Burden of Proof and Finding Instructions</u>

7)     3.000 - Negligence - Issues and Allocation of Burdens of  Proof

8)     3.050 - Finding Instruction

9)     3.100 - Standard of Proof - Definition of Greater Weight of the Evidence

<u>Negligence</u>

10)     4.000 - Definition of Negligence

11)     4.010 - Burden of Proof

12)    4.015 - Fact of Accident is Not Proof of Negligence

13)    5.000 - Definition of Proximate Cause

14)    6.000 - Definition of Contributory Negligence

15)    6.040 - Contributory Negligence - Burden of Proof

16)    6.050 - Contributory Negligence - Parties Negligence Not Compared

17)    6.100 - Definition of Assumption of the Risk

18)    6.110 - Assumption of the Risk - Burden of Proof

<u>Damages</u>

19)    9.000 - General Personal Injury

20)    9.010 - Reasonable Proof

21)    9.020 - Duty to Mitigate Damages

22)    2.180 - Amount Sued For Is Not Evidence

                                    REPUBLIC NATIONAL
                                    DISTRIBUTING CO., LLC
                                    By Counsel:

DeCARO, DORAN, SICILIANO,
 GALLAGHER & DeBLASIS, LLP

/s/ Alan R. Siciliano
Alan R. Siciliano
VA Bar # 35117
3930 Walnut Street, Suite 250
Fairfax, Virginia 22030
(703)255-6667
FAX (703)299-8548
asiciliano@decarodoran.com

### <u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 23rd day of February, 2011, a copy of the foregoing
was electronically filed and served on:

    N. Leslie Saunders, Jr., Esq.
    Thomas H. Gays, Esq.
    SAUNDERS, PATTERSON & MACK
    9100 Arboretum Parkway, Suite 300
    Richmond, VA 23236-3400
    *Counsel for Plaintiff*

Victor S. Skaff, III, Esq.
GUYNN, MEMMER & DILLON, PC
415 College Avenue
Salem, Virginia 24153
*Counsel for Defendant Kroger*

/s/ Alan R. Siciliano
Alan R. Siciliano

I:\Common\WP\L3\ARS\Adams v. Republic Nat'l Dist\Jury Instructions.wpd

-2-

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 1

### CREDIBILITY OF WITNESSES

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness.  However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony as you think proper.

You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weight their testimony accordingly.

Virginia Model Jury Instruction No. 2.020

## JURY INSTRUCTION NO.

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness.  However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony as you think proper.

You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weight their testimony accordingly.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2
## ADVERSE WITNESS

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

Virginia Model Jury Instruction No. 2.030

**JURY INSTRUCTION NO. ___**

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 3**

### **EXPERT WITNESSES**

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it.

Virginia Model Jury Instruction No. 2.040

## JURY INSTRUCTION NO.

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it.

## <u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 4</u>

### PARTY BOUND BY HIS OWN TESTIMONY

When one of the parties testifies unequivocally to facts within his own knowledge, those statements of fact and the necessary inferences from them are binding upon him.  He cannot rely on other evidence in conflict with his own testimony to strengthen his case.

However, you must consider his testimony as a whole, and you must consider a statement made in one part of his testimony in the light of any explanation or clarification made elsewhere in his testimony.

Virginia Model Jury Instruction 2.060

## JURY INSTRUCTION NO.

When one of the parties testifies unequivocally to facts within his own knowledge, those statements of fact and the necessary inferences from them are binding upon him.  He cannot rely on other evidence in conflict with his own testimony to strengthen his case.

However, you must consider his testimony as a whole, and you must consider a statement made in one part of his testimony in the light of any explanation or clarification made elsewhere in his testimony.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 5**

**REJECTED AND STRICKEN EVIDENCE**

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.

Virginia Model Jury Instruction No. 2.170

**<u>JURY INSTRUCTION NO.</u>**

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6

### VERDICT NOT TO BE BASED UPON SYMPATHY,
### BIAS, GUESSWORK, OR SPECULATION

You must not base your verdict in any way sympathy, bias, guesswork or speculation.  Your verdict must be based solely upon the evidence and instructions of the Court.

Virginia Model Jury Instruction No. 2.220

## JURY INSTRUCTION NO.

You must not base your verdict in any way sympathy, bias, guesswork or speculation.  Your verdict must be based solely upon the evidence and instructions of the Court.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 7</u>**

**NEGLIGENCE - ISSUES AND ALLOCATION OF BURDENS OF PROOF**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1)     Was the defendant negligent?

(2)     If he was negligent, was his negligence a proximate cause of the accident?

On these issues the plaintiff has the burden of proof.

------------

(3)     Was the plaintiff negligent?

(4)     If he was negligent, was his negligence a proximate cause of the accident?

On these issues the defendant has the burden of proof.

------------

(5)     If the plaintiff is entitled to recover, what is the amount of his damages?

On this issue the plaintiff has the burden of proof

------------

Your decision on these issues must be governed by the instructions that follow.

Virginia Model Jury Instruction No. 3.000

## JURY INSTRUCTION NO.

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1)     Was the defendant negligent?

(2)     If he was negligent, was his negligence a proximate cause of the accident?

On these issues the plaintiff has the burden of proof.

------------

(3)     Was the plaintiff negligent?

(4)     If he was negligent, was his negligence a proximate cause of the accident?

On these issues the defendant has the burden of proof.

------------

(5)     If the plaintiff is entitled to recover, what is the amount of his damages?

On this issue the plaintiff has the burden of proof

------------

Your decision on these issues must be governed by the instructions that follow.

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 8**

### **FINDING INSTRUCTION**

You shall find your verdict for the Plaintiff if he has proved by the greater weight of the evidence that:

(1)     the Defendant was negligent; and that

(2)     the Defendant's negligence was the proximate cause of the Plaintiff's accident and damages.

You shall find your verdict for the Defendant if:

(1) the Plaintiff failed to prove either or both of the two elements above; or if

(2) you find by the greater weight of the evidence that the Plaintiff was contributorily negligent and that his contributory negligence was a proximate cause of the accident.

Virginia Model Jury Instruction No. 3.050

## **JURY INSTRUCTION NO.**

You shall find your verdict for the Plaintiff if he has proved by the greater weight of the evidence that:

(1)      the Defendant was negligent; and that

(2)      the Defendant's negligence was the proximate cause of the Plaintiff's accident and damages.

You shall find your verdict for the Defendant if:

(1) the Plaintiff failed to prove either or both of the two elements above; or if

(2) you find by the greater weight of the evidence that the Plaintiff was contributorily negligent and that his contributory negligence was a proximate cause of the accident.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 9</u>**

**STANDARD OF PROOF -- DEFINITION OF
GREATER WEIGHT OF THE EVIDENCE**

The greater weight of all the evidence is sometimes called the preponderance of the evidence.  It is that evidence which you find more persuasive.  The testimony of one witness whom you believe can be the greater weight of the evidence.

Virginia Model Jury Instruction No. 3.100

## <u>JURY INSTRUCTION NO.</u>

The greater weight of all the evidence is sometimes called the preponderance of the evidence.  It is that evidence which you find more persuasive.  The testimony of one witness whom you believe can be the greater weight of the evidence.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 10

### DEFINITION OF NEGLIGENCE

Negligence is the failure to use ordinary care.  Ordinary care is the care a reasonable person would have used under the circumstances of this case.

Virginia Model Jury Instruction No. 4.000

## JURY INSTRUCTION NO.

Negligence is the failure to use ordinary care.  Ordinary care is the care a reasonable person would have used under the circumstances of this case.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 11

### BURDEN OF PROOF

The Plaintiff has the burden of proving by the greater weight of the evidence that the Defendant was negligent and that the Defendant's negligence proximately caused the accident and any of the injuries to the Plaintiff.

Virginia Model Jury Instruction No. 4.010

## JURY INSTRUCTION NO.

The Plaintiff has the burden of proving by the greater weight of the evidence that the Defendant was negligent and that the Defendant's negligence proximately caused the accident and any of the injuries to the Plaintiff.

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 12**

### **FACT OF ACCIDENT IS NOT PROOF OF NEGLIGENCE**

The fact that there was an accident and that Plaintiff was injured does not, of itself, entitle him to recover.  Plaintiff has the burden of proving by the greater weight of the evidence that the Defendant was negligent and that its negligence caused the Plaintiff's injuries.

Virginia Model Jury Instruction No. 4.015

## JURY INSTRUCTION NO.

The fact that there was an accident and that Plaintiff was injured does not, of itself, entitle him to recover.  Plaintiff has the burden of proving by the greater weight of the evidence that the Defendant was negligent and that its negligence caused the Plaintiff's injuries.

_____

### DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 13

### DEFINITION OF PROXIMATE CAUSE

A proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage.  It is a cause without which the accident, injury, or damage would not have occurred.

Virginia Model Jury Instruction No. 5.000

## JURY INSTRUCTION NO.

A proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage.  It is a cause without which the accident, injury, or damage would not have occurred.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 14

### DEFINITION OF CONTRIBUTORY NEGLIGENCE

Contributory negligence is the failure to act as a reasonable person would have acted for his own safety under the circumstances of this case.

Virginia Model Jury Instruction No. 6.000

## JURY INSTRUCTION NO.

Contributory negligence is the failure to act as a reasonable person would have acted for his own safety under the circumstances of this case.

### DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 15

**CONTRIBUTORY NEGLIGENCE - BURDEN OF PROOF**

When a Defendant claims contributory negligence as a defense, Defendant has the burden of proving by the greater weight of the evidence that Plaintiff was negligeny and that this negligence was a proximate cause of the Plaintiff's injuries.  Contributory negligence may be shown by any Defendant's evidence or by the Plaintiff's evidence.

Virginia Model Jury Instruction No. 6.040

## <u>JURY INSTRUCTION NO.</u>

When a Defendant claims contributory negligence as a defense, Defendant has the burden of proving by the greater weight of the evidence that Plaintiff was negligeny and that this negligence was a proximate cause of the Plaintiff's injuries.  Contributory negligence may be shown by any Defendant's evidence or by the Plaintiff's evidence.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 16**

**CONTRIBUTORY NEGLIGENCE - PARTIES NEGLIGENCE
NOT COMPARED**

If you find from the greater weight of the evidence that both the Plaintiff and the

Defendant were negligent and that their negligence proximately contributed to the accident,

you may not compare the negligence of the parties.  Any negligence of Plaintiff which was

a proximate cause of the accident will bar her from recovering.

Virginia Model Jury Instruction No. 6.050

## JURY INSTRUCTION NO.

If you find from the greater weight of the evidence that both the Plaintiff and the Defendant were negligent and that their negligence proximately contributed to the accident, you may not compare the negligence of the parties.  Any negligence of Plaintiff which was a proximate cause of the accident will bar her from recovering.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 17**

**DEFINITION OF ASSUMPTION OF THE RISK**

If you find by the greater weight of the evidence that the Plaintiff fully understood the nature and extent of a known danger, and if he voluntarily exposed himself to it, he assumed the risk of injuring himself from that danger.  The Plaintiff cannot recover for injuries that proximately resulted from assuming the risk of a known danger.

Virginia Model Jury Instruction No. 6.100

## JURY INSTRUCTION NO.

If you find by the greater weight of the evidence that the Plaintiff fully understood the nature and extent of a known danger, and if he voluntarily exposed himself to it, he assumed the risk of injuring himself from that danger.  The Plaintiff cannot recover for injuries that proximately resulted from assuming the risk of a known danger.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 18

### ASSUMPTION OF THE RISK:  BURDEN OF PROOF

Where the defendant claims assumption of the risk as a defense, it has the burden of proving by the greater weight of the evidence that the plaintiff fully appreciated the nature and the extent of a known danger; that the plaintiff voluntarily exposed himself to it; and that the plaintiff was injured as a result of the danger assumed.  Assumption of the risk may be shown by the defendant's evidence or by the plaintiff's evidence.

Virginia Model Jury Instruction No. 6.110

**<u>                                        JURY INSTRUCTION NO. </u>**

Where the defendant claims assumption of the risk as a defense, it has the burden of proving by the greater weight of the evidence that the plaintiff fully appreciated the nature and the extent of a known danger; that the plaintiff voluntarily exposed himself to it; and that the plaintiff was injured as a result of the danger assumed.  Assumption of the risk may be shown by the defendant's evidence or by the plaintiff's evidence.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 19

### GENERAL PERSONAL INJURY (Modified)

If you find your verdict for the Plaintiff, then in determining the damages to which she is entitled, you may consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the Defendant:

(1) any bodily injuries he sustained and their effect on his health according to their degree and probable duration;

(2) any physical pain and mental anguish he suffered in the past;

(3) any inconvenience caused in the past;

(4) any medical expenses incurred in the past;

(5) any earnings he lost because he was unable to work at his calling;

Your verdict should be for such sum as will fully and fairly compensate the Plaintiff for the damages sustained as a result of the Defendant's negligence.

Virginia Model Jury Instruction No. 9.000

## JURY INSTRUCTION NO.

If you find your verdict for the Plaintiff, then in determining the damages to which she is entitled, you may consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the Defendant:

(1)    any bodily injuries he sustained and their effect on his health according to their degree and probable duration;

(2)    any physical pain and mental anguish he suffered in the past;

(3)    any inconvenience caused in the past;

(4)    any medical expenses incurred in the past;

(5)    any earnings he lost because he was unable to work at his calling;

Your verdict should be for such sum as will fully and fairly compensate the Plaintiff for the damages sustained as a result of the Defendant's negligence.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 20**

**REASONABLE PROOF**

The burden is on the Plaintiff to prove by the greater weight of the evidence each item of damage he claims and to prove that each item was caused by the Defendant's negligence.  He is not required to prove the exact amount of her damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the Plaintiff fails to do so, then he cannot recover for that item.

Virginia Model Jury Instruction No. 9.010___

**JURY INSTRUCTION NO.**

The burden is on the Plaintiff to prove by the greater weight of the evidence each item of damage he claims and to prove that each item was caused by the Defendant's negligence.  He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the Plaintiff fails to do so, then he cannot recover for that item.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 21</u>**

**DUTY TO MITIGATE DAMAGES**

The Plaintiff has a duty to minimize his damages.  If you find that the Plaintiff did not act reasonably to minimize his damages and that, as a result, they increased, then he cannot recover the amount by which they increased.

Virginia Model Jury Instruction No. 9.020

## JURY INSTRUCTION NO.

The Plaintiff has a duty to minimize his damages.  If you find that the Plaintiff did not act reasonably to minimize his damages and that, as a result, they increased, then he cannot recover the amount by which they increased.

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 22</u>**

**AMOUNT SUED FOR IS NOT EVIDENCE**

The amount sued for is not evidence in this case, you should not consider it in arriving at the amount of your verdict, if any.

Virginia Model Jury Instruction No. 2.180

Virginia Code 8.01-379.1

**<u>JURY INSTRUCTION NO.</u>**

The amount sued for is not evidence in this case, you should not consider it in arriving at the amount of your verdict, if any.