UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEBORAH V. ADAMS,

                  Plaintiff,

v.

KROGER LIMITED PARTNERSHIP I, and
REPUBLIC NATIONAL DISTRIBUTING
COMPANY, LLC

                  Defendants.

Action No. 3:11-CV-141

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion for Summary Judgment ("Motion") (ECF No. 26) filed by Defendant Kroger Limited Partnership I ("Kroger"). The Motion was fully briefed and a hearing on the Motion was held on February 15, 2012. At the conclusion of the hearing, the Court DENIED Kroger's Motion. This Memorandum Opinion sets forth the rationale for the Court's decision.

### I.    BACKGROUND

This is a negligence action that arises out of an incident which occurred at a grocery store on Hicks Road in Chesterfield County ("Kroger store"). As this is a motion for summary judgment, the Court accepts the facts as stated in Plaintiff's Amended Complaint and Plaintiff's Opposition to the Motion for Summary Judgment and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. *Unus v. Kane*, 565 F.3d 103, 119 (4th Cir. 2009) (citing *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003)).

Defendant Kroger, an Ohio domiciliary, owns and operates the Kroger store where the incident occurred. (Am. Compl. ¶ 3.) Kroger established a wine distribution relationship with

1

Defendant Republic National Distributing Company, LLC ("Republic") under which Republic would supply wine to the Kroger store and place the wine on the shelf space allocated for Republic's products. When the space needs to be restocked, a sales representative of Republic would order the wine products and have them delivered to the Kroger store. A Kroger employee would receive the products and keep them in the backroom to be placed on the shelves by the designated Republic representative on the following day.

On August 18, 2009, Gary Judd, an employee of Republic, was at the Kroger store placing wine bottles on the shelf space allocated to Republic. While doing this, Judd dropped a bottle of wine. The bottle of wine broke and the spill on the floor covered an area of approximately two and a half feet. Judd placed some boxes around the spill and retrieved a mop, bucket, broom, and dustpan from the backroom of the Kroger store. Judd mopped the spill and placed a yellow cone around the area. Because the space was not dry, Judd remained in the area to warn individuals about the situation.

On that same day and around the same time the spill occurred, Plaintiff Deborah Adams went to the Kroger store to purchase a bottle of wine. She did not find what she was looking for and as she turned onto another wine aisle (or "gondola") in the store, she slipped on a "wet, clear, slippery substance on the floor." (Am. Compl. ¶ 11.) Adams states that she saw the yellow cone as she fell to the ground. Judd had seen Adams in the wine aisle but did not warn her of the hazard. Adams suffered leg and head injuries as a result of the fall. Adams also later discovered some eye injuries attributable to the accident at the Kroger store.

Adams filed a Complaint in the Circuit Court for the County of Chesterfield seeking one million dollars in damages against Kroger; Charlie Gattuso, the manager of the Kroger store; and Auburn Realty, LLC, the owner of the property where the Kroger store operates. On March 3, 2011, Defendants Kroger and Gattuso removed the action to this Court. On May 17, 2011, the Court held

that Gattuso was fraudulently joined and dismissed him from the action. (Mem. O. Granting M. Dismiss & Denying M. Remand, ECF No. 10.) On August 8, 2011, Adams filed an Amended Complaint naming Republic as a defendant. On October 26, 2011, the parties filed a joint stipulation of dismissal dismissing Auburn Realty, LLC from the action.

Kroger filed the present Motion for Summary Judgment asserting two grounds: (1) Adams is unable to prove a *prima facie* case of negligence against Kroger; and (2) Adams is contributorily negligent, as a matter of law, for failing to see an "open and obvious condition."

## II.     LEGAL STANDARD

A motion for summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion." *Rossignol*, 316 F.3d at 523 (internal quotation marks and citations omitted).

In making its decision, a court must look to the affidavits or other specific facts pled to determine whether a triable issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1996). Where there is no genuine dispute as to any material fact, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates the other party should win as a matter of law." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006). Summary judgment should not be granted, however, if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258.

"In most cases, issues of negligence are not susceptible to summary judgment. However, where a plaintiff fails to state specific facts and produce concrete evidence to support her claim, a defendant may be entitled to that relief." *Griffin v. Wal-Mart Stores*, No. 3:94-CV-941, 1995 U.S. Dist. LEXIS 6507, at *4-5 (E.D. Va. April 10, 1995) (Spencer, J.) (citation omitted).

### III. DISCUSSION

#### A. Sufficiency of the Evidence Against Kroger

Virginia's substantive law on negligence governs this diversity action. *See Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). It is well established under Virginia law that

> an owner or occupier of real property owes to an invitee the duty to exercise reasonable care to make the premises safe. However, such owner or occupier is not an *insurer* of the safety of the premises. He has a duty to warn of hidden dangers or defects in the premises but only to the extent that he has knowledge thereof or should, in the exercise of reasonable care, have such knowledge.

*Gauldin v. Virginia Winn-Dixie*, 370 F.2d 167, 169 (4th Cir. 1966). To establish a *prima facie* case of negligence in a slip-and-fall case under Virginia law, a plaintiff must show by a preponderance of the evidence that: (1) the defendant owed plaintiff a duty; (2) the condition complained of constituted an unsafe condition; (3) the unsafe condition proximately caused the accident to occur; (4) the defendant had actual or constructive notice of the defect and failed to correct the problem within a reasonable period of time; and (5) plaintiff suffered damages. *See Griffin*, 1995 U.S. Dist. LEXIS 6507, at *5-6 (citations omitted). Because Kroger contends that Adams is unable to prove the third and fourth factors, this Memorandum Opinion focuses solely on the third and fourth factors.

**1.** <u>Whether Adams can prove an unsafe condition proximately caused the accident to occur</u>

Kroger argues that Adams is unable to prove that an unsafe condition proximately caused the accident to occur. In support, Kroger states that although the law in Virginia requires a plaintiff to show, specifically, how and why an accident occurred, Adams has failed to allege a *prima facie* case

4

because she is "unclear as to the exact location of her fall and the cause of her fall." (Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s Mem.") 5, ECF No. 27.)

Adams responds by providing the following theory, supported by deposition testimony of the relevant individuals: (1) On August 18, 2009, Judd, an employee of Republican, was stocking wine on shelves at Kroger; (2) Judd dropped the bottle and it caused a spill; (3) Judd went to the backroom and obtained a mop and bucket and attempted to clean it; (4) after cleaning, Judd kept the mop and bucket in the area of the spill because he had not finished cleaning the area; (5) Judd also remained in the wine area and was on the lookout for customers to warn them of the dangerous condition at the end of the shelves and to make sure it was dry; (6) on that same day, Adams entered Kroger to purchase wine; (7) as she turned around the aisle where the wine bottles were located, she fell, hit her head on the floor, and injured her leg; (8) at the same time she fell, she saw a small yellow cone; and (9) when Adams fell, she felt wetness on the back of her head and she could see the water on the floor. Adams asserts that there is sufficient evidence for a jury to conclude that a hazardous condition existed and it was the proximate cause of her fall and injuries. (Pl.'s Br. Opp'n to Def.'s Mot. Summ. J. ("Pl.'s Opp'n") 7-10.)

The Court finds that Adams' theory amounts to more than mere speculation and is well supported by the record. It is undisputed that Judd broke a bottle in the wine area, attempted to clean it with a mop, and remained in the area to warn individuals of the condition. The record also supports the fact that Adams fell in the same vicinity where the spill occurred. Based on the facts as presented, and viewing them in the light most favorable to Adams, the Court finds that Adams has marshaled sufficient evidence for a reasonable jury to conclude that the spill at the Kroger store was an unsafe condition which proximately caused Adams' injury.

**2.** Whether Adams can prove Kroger had notice of the unsafe condition

Next, Kroger contends that Adams cannot establish a *prima facie* case of negligence because she is unable to prove that Kroger had actual or constructive knowledge of the unsafe condition of the premises. Adams responds by asserting that under the doctrine of non-delegation, Kroger owes Adams, an invitee, the non-delegable duty to maintain its premises in a reasonably safe condition. (Pl.'s Mem. 9 (citing *Love v. Schmidt*, 239 Va. 357, 361 (1990); *S. Floors & Acoustics v. Max-Yeboah*, 267 Va. 682, 688 (2004)).) According to Adams, although Kroger "delegated to Republic the regular and routine work of its store of stocking merchandise for sale to [Kroger's] invitees," Kroger could not delegate the duty to maintain the premises in a reasonably safe condition. (Pl.'s Mem. 9.) Thus, Adams concludes also that notice to Judd (Republic's employee) of the unsafe condition of the store was notice to Kroger; the negligence of Judd was Kroger's negligence; and where Judd's negligence proximately caused Adams' injuries, Kroger's negligence proximately caused Adams' injuries.

Kroger counters by asserting that Adams did not present any evidence of the relationship between Kroger and Republic, but that at most, it is an owner/independent contractor relationship for which the law states that owners are not liable for the negligent injuries caused to third parties by an independent contractor. Kroger argues that because Judd—who was at most an independent contractor involved in the sale and merchandising of wine, and not floor care—created the dangerous condition, Kroger is not responsible for his negligent acts.

"In cases involving liability of owners of property for injuries to third parties arising from conditions on the premises caused by independent contractors, the possible theories of recovery include vicarious liability of the owner for the acts of the independent contractor, and independent liability for the separate negligence of the owner." *S. Floors & Acoustics*, 267 Va. at 687. The Supreme Court of Virginia has defined "independent contractor" as "one who undertakes to produce a given result without being in any way controlled as to the method by which he attains that result." *Craig v.*

*Doyle*, 179 Va. 526, 531 (1942). "As a general rule, an owner who employs an independent contractor is not liable for injuries to third persons caused by the contractor's negligence." *Kesler v. Allen*, 233 Va. 130, 134 (1987). There are, however, several exceptions to this independent contractor rule.

One fundamental exception is that a landlord cannot delegate to an independent contractor its common law duty to maintain its premises in a reasonably safe condition. *Love*, 239 Va. at 361. A landlord who delegates to an independent contractor the *performance* of this nondelegable duty still maintains the *legal* duty to maintain safe premises. *Boland v. Rivanna Partners*, 69 Va. Cir. 208, 311 (2005) (citing *Gazo v. Stamford*, 255 Conn. 245 (2001)).

A second exception to this rule is succinctly laid out in Section 413 of the Restatement (Second) of Torts and states:

> One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer
>
> (a) fails to provide in the contract that the contractor shall take such precautions, or
>
> (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

This exception is fully recognized under Virginia law. In *Kessler v. Allen*, 233 Va. 130, 134 (1987), the Supreme Court of Virginia stated: "Exceptions exist, and the doctrine *respondeat superior* may become applicable, if the independent contractor's torts . . . are such that it would in the natural course of events produce injury unless special precautions are taken." See also *El-Meswari v. Washington Gas Light Co.*, 785 F.2d 483, 492 (4th Cir. 1986) ("Virginia law holds an employer responsible for the consequences of work that 'will in the natural course of events produce injury unless special precautions are taken.'" (quoting *Norfolk and W. Ry. Co. v. Johnson*, 2-7 Va. 980, 983-84 (1967))). The employer's "responsibility depends upon a foreseeable probability that injury will result from the

7

characteristic risks of the assigned work." *El-Meswari*, 785 F.2d at 492 (citing Restatement (Second) of Torts §§ 413, 416, 427 (1965)) (other citations omitted).

Here, as an initial matter, the evidence on the record indicates that the relationship between Kroger and Judd (through Republic) is either an employer/employee relationship, or an owner/independent contractor relationship. Thus, Kroger may be either held independently liable for its own negligence or vicariously liable for the acts of Judd. For the purposes of this analysis, the Court assumes, as Kroger argues, that the relationship between Kroger and Judd is at most that of an owner and independent contractor.

With regard to the first exception to the independent contractor rule, the Court finds that there is enough evidence on the record for a jury to conclude that cleaning spills at the Kroger store is part of Kroger's nondelegable duty to maintain its property in a reasonably safe condition. Kroger contracted with Republic to restock wine merchandise at the Kroger store. Yet, Kroger still had the legal duty to ensure the safety of its premises. Hence, a jury may reasonably conclude that Kroger is liable to Adams for failing to maintain its premises in a reasonably safe condition.

The second exception is as pertinent. When Kroger hired Republic to restock its shelves with wine bottles, it was reasonably foreseeable that in the normal course of events, the Republic employee restocking the shelves could break a bottle of wine and that such a spill would pose a safety risk to Kroger's invitees. Hence, Kroger should have provided to Republic or taken several precautions, to ensure that in the advent of such an occurrence, no harm would come to Kroger's invitees. The Court finds that Adams has provided sufficient evidence for a reasonable jury to find that Kroger failed to take the necessary precautions and is vicariously liable for Adams' injury.

Because it appears that there is sufficient evidence to support a jury's finding of vicarious liability, the Court DENIES Kroger's Motion and allows the case to proceed to trial.

**B. Kroger's Defense of Contributory Negligence**

Kroger also argues that Adams was contributorily negligent because before the fall, Adams did not notice the condition of the floor, but after the fall, Adams was able to see the "'liquid substance' on the floor 'fairly easily.'" (Def.'s Mem. 8.) When a person slips and falls over and open or obvious condition, the individual is contributorily negligent. *Scott v. City of Lynchburg*, 241 Va. 64, 66 (1991). "When a plaintiff is injured by an open and obvious defect, it is his burden 'to show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it . . . . When they do not exist the law charges the party with failure to do what was required of him.'" *S. Floors & Acoustics*, 267 Va. at 686 (quoting *City of S. Norfolk v. Dail*, 187 Va. 495, 505 (1948)). Generally, whether a condition is open and obvious is a question for the jury. *Hudson v. Kroger Co.*, No. 6:06-CV-46, 2007 U.S. Dist. LEXIS 51941, at *5 (W.D. Va. July 18, 2007). "Only when reasonable minds could not differ does the issue become one of law to be decided by a court." *Artrip v. E.E. Berry Equip. Co.*, 240 Va. 354, 357, 358 (1990).

In this case, the evidence is such that reasonable minds could differ on the whether Adams was contributorily negligent. According to the testimony on the record, Judd put up a yellow cone to warn customers of the spill but he remained in the area to personally warn customers. This is indicative of the fact that the spill may not have been open and obvious. Also, Adams states she came from around the corner of the aisle and saw the cone only as she fell to the ground. If Adams' testimony is believed, a jury may find that the condition was either not open or obvious, or alternatively, Adams was excused from observing it because she had just come around the aisle. "Determining the credibility and the weight of the evidence is the province of the finder of fact," *S. Floors & Acoustics*, 267 Va. at 686, and because the Court finds that there is sufficient evidence for a reasonable jury to determine whether Adams was contributorily negligent, the Court DENIES Kroger's Motion.

9

## IV. CONCLUSION

For the above reasons, the Court DENIES Defendant Kroger's Motion for Summary Judgment.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate Order will issue.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this __27th__ day of February 2012.