IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| DEBORAH B. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  3:11CV141 |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REPUBLIC NATIONAL DISTRIBUTING | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## KROGER'S PROPOSED JURY INSTRUCTIONS

Kroger Limited Partnership I ("Kroger"), by counsel, submits the following jury

instructions (identified as "K1 - K32") for the Court's consideration at the trial of this

case:

Instruction No. K-1


You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

VMJI 2.020

Instruction No.K-2

The plaintiff called Kroger as an adverse witness. The plaintiff is bound by as much of the Kroger 's testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

The plaintiff is not bound by any of the Kroger 's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

VMJI 2.030

Instruction No. K-3


In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it.

VMJI 2.040

Instruction No. K-4


        Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

VMJI 2.100

Instruction No. K-5

If you believe from the evidence that a witness [other than a party] previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said is true.

VMJI 2.130

Instruction No. K-6


If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.

VMJI 2.135

Instruction No. K-7


You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

VMJI 2.170

Instruction No. K-8


The amount [sued for; sought] is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

VMJI 2.180

Instruction No. K-9

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

VMJI 2.220

Instruction No. K-10

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1)     Was Kroger negligent?

(2)     If it was negligent, was its negligence a proximate cause of the accident?

On these issues the plaintiff has the burden of proof.

_____

(3)     Was Republic negligent?

(4)     If it was negligent, was its negligence a proximate cause of the accident?

On these issues the plaintiff has the burden of proof.

_____

(5)     Was the plaintiff negligent?

(6)     If she was negligent, was her negligence a proximate cause of the accident?

On these issues the defendants have the burden of proof.

_____

(7)     If the plaintiff is entitled to recover, what is the amount of her damages?

On this issue the plaintiff has the burden of proof.

_____

Your decision on these issues must be governed by the instructions that follow.

VMJI 3.000

Instruction No. K-11


You shall find your verdict for the plaintiff if she has proved by the greater weight of the evidence that:

(1)     Kroger was negligent; and that

(2)     Kroger's negligence was a proximate cause of the plaintiff's accident and damages; and/or that,

(3)     Republic was negligent; and that

(4)     Republic's negligence was a proximate cause of the plaintiff's accident and damages;

You shall find your verdict for the defendants if:

(1)     the plaintiff failed to prove either or both of the two elements above for each defendant; or if

(2)     you find by the greater weight of the evidence that the plaintiff was contributorily negligent and that her contributory negligence was a proximate cause of the accident.

VMJI 3.050

Instruction No. K-12

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence.

VMJI 3.100

Instruction No. K-13


Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

VMJI 4.000

Instruction No. K-14


     The plaintiff has the burden of proving by the greater weight of the evidence that Kroger and/or Republic was negligent and that Kroger's and/or Republic's negligence proximately caused the accident and any of the injuries to the plaintiff.

VMJI 4.010

Instruction No. K-15

The fact that there was an accident and that the plaintiff was injured does not, of itself, entitle the plaintiff to recover.

VMJI 4.015

Instruction No. K-16


A proximate cause of an accident, injury, or damage is a cause that, in natural and continuous sequence, produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

VMJI 5.000

Instruction No. K-17


Contributory negligence is the failure to act as a reasonable person would have acted for her own safety under the circumstances of this case.

VMJI 6.000

Instruction No. K-18


When the defendants claim contributory negligence as a defense, they have the burden of proving by the greater weight of the evidence that the plaintiff was negligent and that this negligence was a proximate cause of the plaintiff's injuries. Contributory negligence may be shown by the defendants' evidence or by the plaintiff's evidence.

VMJI 6.040

Instruction No. K-19

If you find from the greater weight of the evidence that both the plaintiff and Kroger and/or Republic were negligent and that their negligence proximately contributed to the accident, you may not compare the negligence of the parties. Any negligence of the plaintiff which was a proximate cause of the accident will bar the plaintiff from recovering.

VMJI 6.050

Instruction No. K-20

If you find your verdict for the plaintiff, then in determining the damages to which she is entitled, you shall consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the defendant:

(1)     any bodily injuries she sustained and their effect on her health according to their degree and probable duration;

(2)     any physical pain [and mental anguish] she suffered in the past [and any that she may be reasonably expected to suffer in the future];

(3)     any inconvenience caused in the past [and any that probably will be caused in the future];

(4)     any medical expenses incurred in the past;

Your verdict shall be for such sum as will fully and fairly compensate the plaintiff for the damages sustained as a result of the defendant's negligence.

VMJI 9.000

Instruction No. K-21


The burden is on the plaintiff to prove by the greater weight of the evidence each item of damage she claims and to prove that each item was caused by Kroger's and/or Republic's negligence. She is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the plaintiff fails to do so, then she cannot recover for that item.

VMJI 9.010

Instruction No. K-22


An invitee is one who visits premises lawfully at the express or implied invitation of the occupant.  She is one who visits other than for a social purpose or for his own convenience.

An express invitation is one made directly or indirectly by spoken or written words to come on the premises.

An implied invitation is one made by opening the premises to others for a particular purpose.

VMJI 23.020

Instruction No. K-23

An occupant of premises, Kroger in this case, does not guarantee an invitee's safety, but has the duty:

(1)     to use ordinary care to have the premises in a reasonably safe condition for an invitee's use consistent with the invitation unless the invitee knows, or should have known, of the unsafe condition; and

(2)     to use ordinary care to warn an invitee of any unsafe condition about which the occupant knows, or by the use of ordinary care should know, unless the unsafe condition is open and obvious to a person using ordinary care for his own safety.

If an occupant fails to perform either or both of these duties, then it is negligent.

VMJI 23.040

Instruction No. K-24


The plaintiff was contributorily negligent if she failed to see that which she could have seen in the exercise of ordinary reasonable care.

Town of Hillsville v. Nester, 215 Va. 4, 5 (1974).

Instruction No. K-25

The plaintiff is charged with seeing what she could have seen had she looked where she was going.

<u>Rocky Mount Shopping Center & Assoc. v. Steagall</u>, 235 Va. 636, 369 S.E.2d 193 (1988)

Instruction No. K-26

If you find that the condition was an open and obvious condition, and thus should have been avoided by the plaintiff exercising reasonable care for her own safety, then the plaintiff is guilty of contributory negligence.

Gottlieb v. Andrus, 200 VA. 114, 104 S.E.2d 743 (1958)

Instruction No. K-27


      An open and obvious condition is one that could have been seen by the plaintiff had she been looking.

See Cameron v. K-Mart Corp., 2010 U.S. Dist. LEXIS 76224 at *8 (W.D.Va. July 28, 2010) (citing Hudson v. Kroger Co., 2007 U.S. Dist. LEXIS 51941 at *3 (W.D.Va. July 18, 2007)).

Instruction No. K-28


A plaintiff who slips and falls as a result of an open and obvious condition is guilty of contributory negligence.  This is true even when the plaintiff did not see the open and obvious condition.

Freeman v. Case Corp., 118 F.3d 1011, 1014 (4th Cir. 1997); Cameron v. K-Mart Corp., 2010 U.S. Dist. LEXIS 76224 at *7 (W.D.Va. July 28, 2010) (citing Rocky Mount Shopping Ctr. Assoc. v. Steagall, 235 Va. 636 (1988)).

Instruction No. K-29


      An unsafe condition created by a vendor is not necessarily evident to the owner of the premises.

Warren v. Target Corp., 2010 WL 3791480 at *4 (W.D.Va. Sept. 23, 2010)(citing Brock v. Wal-Mart Stores, Inc., 2000 WL 19158 at *2 (4th Cir. Jan. 12, 2000)).

Instruction No. K-30


An owner who has a business relationship with a vendor is not liable for injuries to third persons caused by the vendor's negligence.

See VMJI 8.110; Southern Floors and Acoustics, Inc. v. Max-Yeboah, 267 Va. 682 (2004).

Instruction No. K-31


An owner has no duty to supervise the means and method of the work of a vendor and cannot be independently negligent for doing so.

See Southern Floors and Acoustics, Inc. v. Max-Yeboah, 267 Va. 682, 689 (2004).

Instruction No. K-32


      The fact that the plaintiff suffered injuries as a result of a fall on the Kroger premises is not decisive of whether Kroger committed a negligent act.  Kroger is not considered the insurer of the safety of its invitees.


See Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180 (1990).

Instruction No. K-33

You shall find your verdict for the plaintiff if she has proved by the greater weight of the evidence that:

(1)     Kroger was negligent; and that

(2)     Kroger's negligence was a proximate cause of the plaintiff's accident and damages;

You shall find your verdict for Kroger if:

(1)     the plaintiff failed to prove either or both of the two elements above; or if

(2)     you find by the greater weight of the evidence that the plaintiff was contributorily negligent and that her contributory negligence was a proximate cause of the accident.

VMJI 3.050

KROGER LIMITED PARTNERSHIP I


By: /s/ Victor S. Skaff, III
Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. "Dinny" Skaff, III (VSB No. 40054)
GUYNN  MEMMER & DILLON, P.C.
415 S. College Avenue
Salem, VA 24153
Phone:  (540) 387-2320
Fax:  (540) 389-2350
kai.memmer@gmdlawfirm.com
victor.skaff@gmdlawfirm.com

*Counsel for Defendant, Kroger Limited Partnership I*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of February, 2012, a copy of

Kroger's Proposed Jury Instructions was filed with the Clerk of Court using the CM/ECF

system which will electronically notify the following, to wit:


N. Leslie Saunders, Jr., Esquire
Saunders, Patterson & Mack
9100 Arboretum Parkway, Suite 300
Richmond, VA 23236-3400
Telephone:     (804) 330-3350
Facsimile:      (804) 330-3811

*Counsel for Plaintiff*

Alan R. Siciliano, Esquire
3930 Walnut Street, Suite 250
Fairfax, VA 22030
Telephone:     (703) 255-6667
Facsimile:      (703) 299-8548

*Counsel for Republic National Distributing Company, LLC*


                                        /s/ Victor S. Skaff, III
                                        Victor S. Skaff, III

C. Kailani Memmer (VSB No. 34673)
Victor S. "Dinny" Skaff, III (VSB No. 40054)
GUYNN  MEMMER & DILLON, P.C.
415 S. College Avenue
Salem, VA 24153
Phone:  (540) 387-2320
Fax:  (540) 389-2350
kai.memmer@gmdlawfirm.com
victor.skaff@gmdlawfirm.com

*Counsel for Defendant, Kroger Limited Partnership I*