UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEBORAH B. ADAMS,

                          Plaintiff,

v.

KROGER LIMITED PARTNERSHIP I,

and

REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC,

                         Defendants.

Civil Action No. 3:11–CV–141

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Exclude Plaintiff's Liability Expert Witness ("Motion to Exclude") (ECF No. 80) filed jointly by Defendants Kroger Limited Partnership ("Kroger") and Republic National Distributing Company, LLC, ("Republic"). After examining the record and the memoranda filed by both parties, the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(j).

This negligence action arises out of an incident that occurred on August 18, 2009. On that date, Plaintiff Deborah B. Adams ("Adams") slipped and fell, sustaining injuries, while shopping in a Kroger store in Richmond, Virginia. Adams subsequently sued Defendants, and following a trial in March 2012, this Court granted Defendants judgment as a matter of law. On July 12, 2013, the Fourth Circuit reversed and remanded the case for a new trial, which is currently scheduled to commence December 16, 2013.

In preparation for the new trial, this Court entered a Scheduling and Jury Pretrial Order

on July 25, 2013 ("Scheduling Order") (ECF No. 71). The Scheduling Order required: (1) identification of all expert witnesses in support of a party's case in chief on or before September 17, 2013; (2) identification of all expert witnesses in support of a defending party's opposition to any claim on or before October 17, 2013; (3) identification of any expert witness intended to be called in rebuttal to a defending party's expert witness on or before November 1, 2013; and (4) completion of all discovery, including depositions, by November 5, 2013.

Adams filed a disclosure pursuant to Rule 26(a)(2)(B) on September 16, 2013, identifying Dr. Ali R. Tabassian as a witness that may be called to testify regarding treatment and causation of Adams injuries. No other witnesses were disclosed prior to the Scheduling Order deadline for case-in-chief expert witnesses. On September 20, 2013, Republic filed a witness list, which did not include any expert witnesses beyond those called by Adams. On October 16, 2013, Kroger faxed to Adams and Republic an Initial Expert Disclosure indicating that Adams' treating physicians may be called to testify in Kroger's defense, but not disclosing any other expert witnesses.

On October 31, 2013, five days before the completion of discovery, forty-four days after the Scheduling Order deadline for case-in-chief expert witnesses, and fourteen days after the deadline for Defendants to disclose their expert witnesses, Adams filed a supplemental Rule 26(a)(2)(B) disclosure identifying Dr. Jan Thomas as a potential expert witness for Adams. The disclosure stated that Dr. Thomas "may testify in the case in chief and/or in rebuttal regarding federal and state standards." (ECF No. 79 ¶ 3.) Defendants seek to exclude Dr. Thomas from testifying as an expert witness.

Federal Rule of Civil Procedure 16 authorizes sanctions for a party's "fail[ure] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). A court may issue sanctions including, but not limited to, those enumerated in Rule 37(b)(2)(A). *Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless."

Fed. R. Civ. P. 37(c)(1). The advisory committee notes described this as an "automatic sanction," but lesser sanctions are authorized on motion and after giving an opportunity to be heard. *Id.* & 1993 Amendment advisory committee's notes.

The Fourth Circuit has articulated a five factor test for determining "whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) analysis." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003). The five *Southern States* factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* Exclusion of a witness pursuant to Rule 37(c)(1) "does not require a finding of bad faith or callous disregard of the discovery rules." *Hoyle v. Freightliner, LLC,* 650 F.3d 321, 330 (4th Cir. 2011) (citing *S. States Rack & Fixture*, 318 F.3d at 598).

Under the *Southern States* factors, complete exclusion of Dr. Thomas's testimony is warranted. With regard to the first two factors, Adams's belated disclosure of Dr. Thomas constituted a substantial surprise to Defendants, which the Court is unwilling and unable to cure completely. Courts often discuss the surprise factors with regard to experts who have already been disclosed, but whose testimony is changed or expanded shortly before trial. *See, e.g.*, *Gordon v. Pete's Auto Serv. of Denbigh*, No. 4:08cv124, 2011 U.S. Dis. LEXIS 154998, *4-5 (E.D. Va. Nov. 29, 2011). In this case, Defendants had no notice that any liability expert testimony would be proffered until well after the deadline for disclosure of their own expert witnesses had passed.

Adams appears to justify the timing of her disclosure in the belief that Dr. Thomas was properly disclosed as a rebuttal witness prior to the Scheduling Order's deadline of November 1, 2013. However, Adams's interpretation of the Scheduling Order is incorrect. The Scheduling Order's November 1 deadline applied to disclosure of expert witnesses called to rebut defense

3

expert *witnesses*, not merely defense *evidence*. Defendants did not disclose any expert witness for the purpose of establishing federal and state standards for hazard-free walking surfaces and techniques for spill cleanup. As such, Dr. Thomas was not timely disclosed pursuant to the Scheduling Order because there is no defense expert witness whose testimony she could rebut.

Further, Adams's argument that Defendants should have expected an expert witness in light of the first trial is unavailing. The Fourth Circuit has previously ruled that an expert's testimony was properly excluded where the expert's initial report failed to include standard of care and causation issues, despite the facts that the defendant could have expected such testimony and that the report was updated to include these issues thirty days prior to trial. *See Campbell v. United States*, 470 F. App'x 153, 156-57 (4th Cir. 2012). In this case, Defendants may well have expected Adams to disclose a liability expert witness prior to the Scheduling Order deadline; however, a party should never be expected to disobey a court order. As such, belated disclosure of Dr. Thomas constituted substantial surprise to Defendants.

With regard to the second *Southern States* factor, Defendants cannot even attempt to cure the surprise unless the Court reopens discovery. The Scheduling Order set the discovery completion date at November 5, 2013, six days after Dr. Thomas was disclosed as an expert witness. Although Adams asserts that Defendants have not attempted to depose Dr. Thomas, it is unclear whether deposition would have been feasible in such a short time frame—Adams herself implies that meeting with Dr. Thomas was difficult to schedule. Additionally, the Scheduling Order allowed Defendants the opportunity to obtain defense expert witnesses after full disclosure of Adams's intended expert witnesses. As such, the surprise created by Dr. Thomas's disclosure may only truly be cured if Defendants are allowed the opportunity to obtain and proffer their own liability expert witness. Trial is set to commence less than three weeks from this date. Given this short time frame, it is unlikely that Defendants would be able to cure the substantial surprise caused by disclosure of Dr. Thomas. As such, Adams's failure to comply with the Scheduling Order was not harmless. Fed. R. Civ. P. 37(c)(1).

4

As to the third and fourth *Southern States* factors, expert witness testimony on the state and national standards for spill cleanup could be helpful to a jury in determining whether Defendants are liable for Adams's injuries. Additionally, it likely would not disrupt the trial. As such, these factors weigh slightly in favor of denying Defendants' Motion to Exclude. Nevertheless, the first two *Southern States* factors weigh so heavily in favor of granting Defendants' Motion that they cannot be overcome by such marginal benefit.

Finally, the fifth *Southern States* factor again weighs in favor of excluding Dr. Thomas's testimony. The Scheduling Order gave Adams fifty-six days to obtain and disclose all expert witnesses, and the Fourth Circuit's mandate, ordering retrial, was filed on July 5, 2013, seventy-six days before the Scheduling Order deadline. Adams did not provide a reason for the delay in disclosure, beyond stating that she could not timely secure Dr. Thomas's testimony. In light of the harm caused by her delay, Adams's excuse is insufficient.

On balance, the *Southern States* factors indicate that Adam's delay in disclosure was not harmless and was not substantially justified. Allowing Dr. Thomas to testify despite Adams's failure to comply with Rule 26 and the Court's Scheduling Order would result in prejudicial surprise to Defendants. Even if this surprise could be cured, the Court is unwilling to modify the pretrial and trial schedule so close to trial. *See East West, LLC v. Rahman*, No. 1:11cv1380, 2012 U.S. Dist. LEXIS 133381, *18-22 (E.D. Va. Sept. 17, 2012).

As such, the Court GRANTS Defendants' Motion to Exclude (ECF No. 80). Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __2nd___ day of December 2013.

5